S. PAUL EDWARDS
Bar Number 10033
General Counsel
Nevada State Board of Pharmacy
431 West Plumb Lane
Reno, Nevada 89509
(775) 850-1440
(775) 850-1444
pedwards@pharmacy.nv.gov

COLLEEN PLATT
Bar Number 11684
Platt Law Group
1575 Delucchi Lane
Suite 115-105F
Reno, Nevada 89502
(775) 440-1052
cplatt@plattlawgroupreno.com
*Attorney for Defendants Nevada State Board of Pharmacy, Leo Basch, Kirk Wentworth, Jason Penrod, Kevin Desmond, Cheryl Blomstrom, and Tallie Pederson*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STRATEGIC PHARMACEUTICAL SOLUTIONS, INC., *d/b/a* Vetsource Home Delivery,<br><br>       Plaintiff,<br><br>  v.<br><br>NEVADA STATE BOARD OF PHARMACY, an administrative agency of the State of Nevada; LEO BASCH, an individual; KIRK WENTWORTH, an individual; JASON PENROD, an individual; KEVIN DESMOND, an individual; CHERYL BLOMSTROM, an individual; and TALLIE PEDERSON, an individual,<br><br>       Defendants. | CASE NO: 2:16-CV-00171<br><br>ANSWER |

Comes now, State Defendants, the NEVADA STATE BOARD OF PHARMACY, an administrative state agency of the State of the state of Nevada, LEO BASCH, an individual, KIRK WENTWORTH, an individual, JASON PENROD, an individual, KEVIN DESMOND, an individual, CHERYL BLOMSTROM, an individual, and TALLIE PEDERSON, an individual, (collectively "the Board") appearing through their attorneys S. PAUL EDWARDS, General Counsel of the Nevada State Board of Pharmacy, and COLLEEN PLATT, of the Platt Law Group, and hereby answers the Complaint on file herein.

## GENERAL ALLEGATIONS

1. In answering paragraph 1, paragraph 1 contains a legal conclusion to which no response is required. To the extent that a response is required, the Board states that this paragraph contains no factual allegations that require a response but simply seeks to recite a United States Supreme Court decision.

2. In answering paragraphs 2 through 5, the Board denies the allegations contained therein.

3. In answering paragraph 6, the Board is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegation and therefore, denies the allegation contained therein.

4. In answering paragraph 7, the Board admits the allegation.

5. In answering paragraphs 8(a) through (f), the Board admits the allegations.

6. In answering paragraphs 9(a) and (b), the Board is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegation that Larry L. Pinson and Dave Wuest are "co-conspirators" and therefore denies that allegation. The Board admits that Larry L. Pinson is the Executive Secretary of the Board and that he resides in Reno, Nevada. The Board also admits that Dave Wuest is the Board's Deputy Executive Secretary and that he resides in Reno, Nevada.

7. In answering paragraph 10, the Board is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegation and therefore, denies the allegation contained therein.

8. In answering paragraph 11, the Board is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations contained therein.

9. In answering paragraph 12, paragraph 12 contains a legal conclusion to which no response is required.  To the extent that a response is required, the Board states that this paragraph contains no factual allegations that require a response but simply seeks to recite the basis for the Complaint.

10. In answering paragraph 13, the Board denies the allegation contained therein.

11. In answering paragraph 14, the Board admits the allegation contained therein.

12. In answering paragraph 15, the Board admits the allegation contained therein.

13. In answering paragraph 16, the Board denies the allegations contained therein.

14. In answering paragraph 17, the Board is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations contained therein.

15. In answering paragraph 18, the Board admits that an individual or organization must have a license issued by the Board to distribute medications legally in Nevada.  The Board denies the allegation that the process to obtain such a license is lengthy and limited by education and other qualifications which constitute a barrier to entry into the Relevant Market.

16. In answering paragraphs 19 through 23, the Board denies the allegations contained therein.

17. In answering paragraphs 24 through 35, the Board is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations therein.

18. In answering paragraph 36, the Board admits the allegation contained therein.

19. In answering paragraph 37, the Board admits that it is comprised of seven members, six of which are registered pharmacists in the State of Nevada which are actively engaged in the practice of pharmacy and have had at least 5 years experience as registered pharmacists.  The Board also admits that one member of the Board must be a representative of the general public and is not related to a pharmacist registered in the State of Nevada.  The Board denies that six of the members of the Board are competitors in the Relevant Market and have business relationships with others in the market.

20. In answering paragraph 38, the Board denies the allegations contained therein.

21. In answering paragraph 39, the Board denies the allegations contained therein.

22. In answering paragraph 40, the Board admits that David Wuest, Deputy Executive Secretary of the Board, contacted a staff member of Plaintiff on February 5, 2015.  The Board denies that Mr. Wuest is a co-conspirator and that he attempted to intimidate the Plaintiff into ceasing operation in Nevada and that the Board would win if Plaintiff tried to fight its position.

23. In answering paragraph 41, the Board denies the allegations contained therein.

24. In answering paragraph 42, the Board admits the allegations contained therein.

25. In answering paragraph 43, the Board admits that it sent a letter dated February 27, 2015, to Plaintiff.  The Board denies that the letter was a pretext for any illegal activities or that it was based on flawed interpretation of regulations promulgated by the Nevada State Board of Veterinarian Examiners.

26. In answering paragraph 44, the Board admits the allegations contained therein.

27. In answering paragraph 45, the Board admits the allegations contained therein.

28. In answering paragraph 46, the Board admits the allegations contained therein.

29. In answering paragraph 47, the Board admits the allegations contained therein.

30. In answering paragraph 48, the Board admits that it issued a cease and desist letter on May 29, 2015, but denies that it was in furtherance of a conspiracy to eliminate Plaintiff from the Relevant Market.

31. In answering paragraph 49, the Board admits that on June 18, 2015, Larry Pinson, Executive Secretary of the Board, filed an Notice of Intended Action and Accusation ("Notice") alleging certain violations of chapter 639 of Nevada Revised Statutes (NRS), initiating administrative proceedings against Plaintiff.  The Board denies that the filing of the Notice was in furtherance of a conspiracy to eliminate Plaintiff from the Relevant Market.

32. In answering paragraph 50, the Board admits that on September 18, 2015, Larry Pinson, Executive Secretary of the Board, filed an Amended Notice of Intended Action and Accusation ("Amended Notice").  The Board denies that it was to revive its unfounded accusation that Plaintiff's business model violated certain regulations of the Nevada State Board of Veterinarian Examiners.

33. In answering paragraph 51, the Board is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations therein.

34. In answering paragraph 52, the Board admits the allegations contained therein.

35. In answering paragraph 53, the Board admits that the administrative hearing regarding the Amended Notice before the Board was scheduled for December 3, 2015, was postponed until March 3, 2016.  The Board denies the remaining allegations contained therein.

36. In answering paragraph 54, the Board admits that Plaintiff has continued to operate its business model in Nevada.  The Board is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the remaining allegations contained therein and therefore denies the allegations therein.

37. In answering paragraph 55, the Board is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations therein.

38. In answering paragraph 56, the Board is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations therein.

39. In answering paragraph 57, the Board denies the allegations contained therein.

40. In answering paragraph 58, the Board is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations therein.

41. In answering paragraphs 59 through 67, the Board denies the allegations contained therein.

42. In answering paragraphs 68 through 73, the Board is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations therein.

## COUNT I

### Declaratory Judgment

43. In answering paragraph 74, the Board repeats its answers to paragraphs 1 through 73, inclusive, as though fully set forth herein and hereby incorporates the same by this reference.

44. In answering paragraphs 75 and 76, the Board denies the allegations contained therein.

## COUNT II
### Combination and Conspiracy in Restraint of Trade
### In Violation of Section 1 of the Sherman Act

45. In answering paragraph 77, the Board repeats its answers to paragraphs 1 through 76, inclusive, as though fully set forth herein and hereby incorporates the same by this reference.

46. In answering paragraphs 78 through 80, the Board denies the allegations contained therein.

47. In answering paragraph 81, the Board is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations therein.

48. In answering paragraph 82, the Board denies the allegations contained therein.

49. In answering paragraph 83, the Board is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations therein.

50. In answering paragraph 84, the Board denies the allegations contained therein.

## COUNT III
### Monopolization and Attempted Monopolization
### In Violation of Section 2 of the Sherman Act

51. In answering paragraph 85, the Board repeats its answers to paragraphs 1 through 84, inclusive, as though fully set forth herein and hereby incorporates the same by this reference.

52. In answering paragraph 86, the Board denies the allegations contained therein.

53. In answering paragraphs 87 through 89, the Board denies the allegations contained therein.

54. In answering paragraph 90, the Board is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations therein.

55. In answering paragraph 91, the Board is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations therein.

56. In answering paragraph 92, the Board denies the allegations contained therein.

## COUNT IV
### Nevada Unfair Trade Practices

57. In answering paragraph 93, the Board repeats its answers to paragraphs 1 through 92, inclusive, as though fully set forth herein and hereby incorporates the same by reference.

58. In answering paragraph 94, the Board denies the allegations contained therein.

59. In answering paragraph 95, the Board is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations therein.

60. In answering paragraphs 96 and 97, the Board denies the allegations contained therein.

## COUNT V

### Injunctive Relief

61. In answering paragraph 98, the Board repeats its answers to paragraphs 1 through 97, inclusive, as though fully set forth herein and hereby incorporates the same by reference.

62. In answering paragraph 99, the Board is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations therein.

63. In answering paragraphs 100 and 101, the Board denies the allegations contained therein.

64. In answering paragraphs 102 and 103, the Board is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations therein.

65. In answering paragraphs 104 and 105, the Board denies the allegations contained therein.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Board is entitled to Eleventh Amendment Immunity.

### SECOND AFFIRMATIVE DEFENSE

This Court does not have subject matter jurisdiction because the Plaintiff lacks standing to bring this action.

### THIRD AFFIRMATIVE DEFENSE

This Court does not have subject matter jurisdiction because this matter is not ripe for judicial review.

### FOURTH AFFIRMATIVE DEFENSE

The Board is entitled to quasi-judicial immunity.

### FIFTH AFFIRMATIVE DEFENSE

The Board is entitled to prosecutorial immunity.

### SIXTH AFFIRMATIVE DEFENSE

The Board is entitled to state action antitrust immunity.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief may be granted.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint's claims are barred because the Plaintiff has unclean hands.

### NINTH AFFIRMATIVE DEFENSE

The Complaint's claims are barred because the Plaintiff consented to the jurisdiction of the Board and the statutes governing the practice of pharmacy in the State of Nevada when it received its license to practice pharmacy.

### TENTH AFFIRMATIVE DEFENSE

The Complaint's claims are barred because the Plaintiff has not suffered an injury.

### ELEVENTH AFFIRMATIVE DEFENSE

This Court lacks primary jurisdiction because the Board has an administrative proceeding that has not been concluded.

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint fails to allege sufficient facts to demonstrate anti-trust standing.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint's claims are barred because the Plaintiff failed to exhaust its administrative remedies.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint's claims are barred by Plaintiff's illegal conduct by Plaintiff's failure to comply with the statutes and regulations governing the practice of pharmacy.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint's claims are barred by the doctrine of constitutional estoppel.

///

**SIXTEENTH AFFIRMATIVE DEFENSE**

The Complaint's claims are barred because the damages, which the Board affirmative claims are none, if any, are not the type of damages an antitrust action was intended to prevent.

**RESERVATION OF RIGHT TO SUPPLEMENT DEFENSES**

The Board reserves its right to supplement this answer with any additional Affirmative Defenses it may assert.

DATED this __14th__ day of March 2016.

                                S. PAUL EDWARDS
                                General Counsel Nevada State Board of Pharmacy

                            By:      /s/ Colleen Platt
                                  COLLEEN L. PLATT
                                  Nevada State Bar #11684
                                  Platt Law Group
                                  1575 Delucchi Lane, Suite 115-105F
                                  Reno, Nevada 89502
                                  (775) 440-1052
                                  *Attorneys for Defendants*
                                  *Nevada State Board of Pharmacy, Leo Basch, Kirk Wentworth, Jason Penrod, Kevin Desmond, Cheryl Blomstrom, and Tallie Pederson*

**CERTIFICATE OF SERVICE**

I, Colleen Platt hereby certify I am an employee of the Platt Law Group and that on March 14, 2016, I electronically filed the foregoing Answer submitted by S. Paul Edwards, with the Clerk of the Court for the United States District of Nevada by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/  Colleen Platt
COLLEEN PLATT