# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

STRATEGIC PHARMACEUTICAL SOLUTIONS, INC. d/b/a Vetsource Home Delivery,

                Plaintiff,

vs.

NEVADA STATE BOARD OF PHARMACY; *et.al.*,

                Defendants.

Case No. 2:16–cv–171–RFB–VCF

**ORDER**

MOTION TO STAY (ECF NO. 20)

      This matter involves Plaintiff Vetsource's civil action against the Nevada State Board of Pharmacy (the Board) and other Defendants. Before the court is the Board's motion to stay (ECF No. 20), Vetsource's response (ECF No. 24), and the Board's reply (ECF No. 25). For the reasons stated below, the Board's motion is denied.

## I. Background

      Subject to a veterinarian prescription, Vetsource delivers pet medication directly to pet owners. (ECF No. 1)  The Nevada Board of Pharmacy regulates all pharmaceutical activity in the state including Vetsource's home delivery service. (*Id.*)  The Board believes that Vetsource's business model violates Nevada anti-kickback statute, and it began administrative disciplinary proceedings against Vetsource. (ECF No. 20)

      Vetsource believes that the Board is a monopoly that violates federal antitrust laws. (ECF No. 1)  In January 2016, before the Board could hold an administrative hearing, Vetsource filed this action in federal court. (*Id.*)  In March, the Board sued Vetsource in state court for its alleged violations of

1

Nevada's anti-kickback statute. The Board now moves to stay this action pending the resolution of the parties' state court action.

## II. Discussion

The parties' present two issues: (1) whether the court can apply the *Colorado River* abstention doctrine to this action; and (2) whether the *Colorado River* doctrine warrants abstention.

1. <u>Ninth Circuit precedent precludes the court from entering a Colorado River stay order</u>

"[A] district court may enter a *Colorado River* stay order only if it has 'full confidence' that the parallel state proceeding will end the litigation." *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993). A district court may not enter a *Colorado River* stay order if it has "substantial doubt" that the state court proceedings will resolve all issues raise in the parties' state and federal actions. *Id.* This court has "substantial doubt" that the state action will resolve all issues between the parties. *Intel Corp.*, 12 F.3d at 913. Even if the state court finds that Vetsource violated Nevada's anti-kickback statute, a federal court will still need to determine whether the Board is an unlawful monopoly as there is exclusive federal jurisdiction over Vetsource's federal antitrust claims. *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1437 (9th Cir. 1985). The Ninth Circuit's holding in *Intel Corp.*, precludes the court from entering a Colorado River stay order. *Id.*

2. <u>Even if the *Colorado River* doctrine is applied, a stay is not warranted</u>

In exceptional circumstances, "the presence of a concurrent state proceeding" will allow a court to stay or dismiss a concurrent federal action. *Colorado River Water Conservation Dist. V. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1247, 47 L.Ed.2d 483 (1976) (establishing the *Colorado River* abstention doctrine). When considering whether *Colorado River* abstention is appropriate, courts in the Ninth Circuit consider eight distinct factors:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 978-79 (9th Cir. 2011).  Here, the first two factors are neutral: the parties' dispute does not concern a piece of real property and both the federal and state forums are located in Las Vegas.  *Id.*  The court now addresses the six remaining factors.

        i.     *Desire to Avoid Piecemeal Litigation*

Contrary to the Board's contention, this factor weighs against a stay.  "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different result."  *Am. Int'l Underwriters, (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988).  In *Continental Insurance*, the parties had been litigating in New York state court for nearly two and a half years when the plaintiff filed his federal complaint.  *Id.* at 1256.  That complaint asserted the same claims as the state court action.  *Id.*  At the time the federal complaint was filed, the New York state court had already decided several substantive issues.  *Id.*  The defendant invoked *Colorado River* abstention and moved to dismiss the federal action.  *Id.*  The Ninth Circuit affirmed the district court's decision to abstain and held that allowing the federal litigation to proceed would result in the relitigation of issues that had already been decided by the state court.  *Id.*

Here, there is no risk that the parties will be forced to relitigate issues.  In its federal action, Vetsource claims that the Board operates a pharmaceuticals monopoly in violation of federal antitrust laws.  (ECF No. 1)  In the state action, the Board claims that VetSource violated Nevada's anti-kickback statute when it allegedly paid local veterinarians to use its services.  (ECF No. 20-6)  Although the parties' present facially similar claims, the federal and state courts will be considering different issues.

3

While the state court will decide whether Vetsource's conduct violated state law, the federal court will decide whether the Board's operation violates federal antitrust law.  Each court will likely be able to resolve the issues before it without a duplication of effort or reaching different results on the same issues.  *See id.*  As the parties' present different issues to each tribunal, this factor weighs against a stay.

        ii.      *Order in Which the Forums Obtained Jurisdiction*

This factor also weighs against a stay.  When determining which court obtained jurisdiction first, court must be pragmatic and flexible "with a view to the realities of the case at hand."  *R.R. Street & Co. Inc.*, 656 F.3d at 978-79.  A mechanical approach which focuses on the date the complaint was filed is disfavored.  *Id.*

As a technical matter, the court obtained jurisdiction over Vetsource's federal action first as it was filed in January 2016.  The Board did not file its state court action until March 2016.  Vetsource's earlier filing and the court's earlier exercise of jurisdiction weigh against a stay.

The relative progress of these two actions do not change this result.  The Board represents that its state action has progressed further since the Board has a motion for preliminary injunction fully briefed and awaiting adjudication.  Meanwhile in the federal action, the Board has answered, and the parties are in the midst of discovery.  (ECF No. 22)  While the state court may have an important motion ripe for adjudication, it has not decided any foundational legal issues nor is it ready to adjudicate any of the Board's key claims.  *See R.R. Street & Co.*, 656 F.3d at 978-79.  Thus the relative progress of both actions weighs against a stay.

        iii.      *The Rule of Decision*

This is another factor that weighs against a stay.  While "the presence of federal-law issues must always be a major consideration weighing against surrender [of federal jurisdiction], the presence of state-law issues may weigh in favor of that surrender only in some rare circumstances."  *Travelers*

*Indem. Co. v. Madonna*, 914 F.2d 1364, 1370 (9th Cir. 1990).  Vetsource seeks to have the Board declared an unlawful monopoly under federal antitrust law, and it appears that its state law claim is ancillary.  The predominance of federal-law issues in Vetsource's federal action weighs against a stay. *Id.*

                iv.      *Inadequacy of the State Court Proceeding to Protect the Federal Litigant's Rights*

The sixth factor in the court's analysis weighs against a stay.  "This factor involves the *state* court's adequacy to protect *federal* rights, not the federal court's adequacy to protect state rights."  *Id.* (emphasis in original).  The state court cannot protect Vetsource's rights under federal antitrust law since federal courts have exclusive jurisdiction over its federal antitrust claims.  *Eichman*, 759 F.2d at 1437.  This factor thus weighs against a stay.

                v.      *Forum Shopping*

This factor also weighs against a stay.  The Board theorizes that Vetsource filed its federal action in an attempt to avoid the Board's state administrative proceedings.  (ECF No. 20)  The Board's argument ignores the fact that federal courts have exclusive jurisdiction over federal antitrust claims.  *Id.*  By filing its action in federal court, Vetsource did not engage in forum shopping.  Rather it had no other forum to bring its federal antitrust claims.  This factor thus weighs against a stay.

                vi.      *The State Court Proceedings Will Not Resolve All Issues Between the Parties*

The last *Colorado River* factor weighs against a stay.  As stated above Vetsource cannot raise its federal antitrust claims in the state court action.  *See id.*  At the conclusion of the state action, a federal court will still need to resolve Vetsource's federal antitrust claims.  Thus the final factor weighs against a stay.

ACCORDINGLY, and for good cause shown,

/// /// ///

IT IS HEREBY ORDERED that the Board's motion to stay (ECF No. 20) is DENIED.

IT IS SO ORDERED.

DATED this 23rd day of May, 2016.

                                                    _____

                                                  CAM FERENBACH
                                                  UNITED STATES MAGISTRATE JUDGE